

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 17, 1961

Hon. William A. Harrison
Commissioner of Insurance
International Life Building
Austin 14, Texas

Opinion No. WW-1062

Re: Whether an association of
employees under the stated
facts are entitled to the ex-
emption of Art. 14. 17 of the
Texas Insurance Code even
though its operating expen-
ses exceed $300 per month.

Dear Sir:

Your request concerns the interpretation of certain amend-
ments by the Legislature in 1959 to that portion of the Texas Insur-
ance Code exempting certain associations from some aspects of the
mutual assessment laws. These exemptions are found in Art. 14. 17
of said Code. * Prior to the 1959 amendments, Art. 14. 17 stated
these exemptions in the following terms:

> ". . . provided no provision of this and the
> preceding article shall be construed to apply to
> associations which limit their membership to
> the employees and the families of employees of
> any particular designated firm, corporation, or
> individual, and which are not operated for pro-
> fit and which pay no commissions to anyone and
> whose operating expenses do not exceed One
> Hundred ($100. 00) Dollars per month;. . ."

---

*Reference throughout are to the Texas Insurance Code unless other-
wise indicated.

During the 56th Legislature in 1959, this same exemption provision was twice amended, first, by S. B. 241, Acts 1959, page 661, ch. 304, and then by H. B. 796, Acts 1959, page 1085, ch. 496. As finally passed, both bills were identical except that the former increased the permissible expense factor from $100 to $150, while the latter purported to increase the permissible expense factor from $100 to $300. In final form, then, Art. 14. 17 now reads as follows:

> ". . .provided no provision of this and the pre-ceding Article shall be construed to apply to associa-tions which limit their membership to the employees and the families of employees of any particular desig-nated firm, corporation, or individual, nor shall it apply to associations which limit their membership to bona fied borrowers of a Federal agency in Texas and members of the borrower's immediate family who are living with him and who are not engaged in nonfarm work for their chief income, and which association has been in existence for at least five (5) years, and which are not operated for profit and which pay no commissions to anyone and whose operating expenses do not exceed Three Hundred Dollars ($300) per month; . . ."

One additional class of associations is exempted, namely: associations which limit their membership to borrowers of a Federal agency, etc. Your question is whether the limitations as to the amount of operating expenses applies to the associations named other than associations of borrowers of a Federal agency.

At the outset there does not appear to be any evidence that the Legislature intended to eliminate this restriction which for almost thirty years has conditioned the general exemption granted by Article 14. 17 and its predecessors and yet continue a restriction of the same nature for a new class of associations brought within the exemption. The last expression by the Legislature on this subject matter was H. B. 796, and it is with this measure that we are concerned. Its caption provides:

Hon. William A. Harrison, page 3 (WW-1062)

>"An act amending Art. 14.17 of the Texas Insurance Code so as to increase the One Hundred Dollars ($100) per month expense factor of certain associations to Three Hundred Dollars ($300) per month; providing additional exemptions; and declaring an emergency."

Two purposes clearly appear from the caption: 1) to increase the $100 per month expense factor of certain associations to $300 per month, and 2) to provide additional exemptions. It is at once apparent that the phraseology of increasing the expense factor could only apply to those associations previously exempt. The primary objective of any attempt to interpret legislation is to give effect to legislative intent, and it is difficult to conceive of any clearer evidence of such intent than is present in the instant caption. Since the actual language of the amendment is not inconsistent with the manifest legislative intent, we hold that the restriction on the expense factor applies to all of the associations exempted by Article 14.17.

### SUMMARY

To be an exempt association under Article 14.17 of the Texas Insurance Code, expenses may not exceed $300 per month.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Fred B. Werkenthin

Fred B. Werkenthin
Assistant Attorney General

FBW:lmc

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
Jerry Roberts
Thomas Burros
B. H. Timmins
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt